979 F.2d 858
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 ST. PAUL FIRE AND MARINE CASUALTY INSURANCE COMPANY, a
Minnesota corporation, Plaintiff-Counter-Defendant-Appellant,
v.
Hong Hun CHONG, a citizen of the Republic of Korea; Sang
Yong Kim, a citizen of the Republic of Korea,
Defendants-Counter-Claimants/Cross-
Claimants-Appellees,
v.
Sun Ho CHANG, a citizen of the Republic of Korea,
Defendant-Cross-Defendant-Appellee.
 Nos. 92-3158, 92-3117.
 United States Court of Appeals, Tenth Circuit.
 Nov. 16, 1992.
 
 Before JOHN P. MOORE, TACHA, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal is from an order of the district court finding a policy of insurance issued by appellant St. Paul Fire & Marine Insurance Company ambiguous and construing the policy in favor of the insured. Appellants allege that the policy is free from ambiguity and that the district court failed to properly construe the policy in favor of the insured. We affirm.
 
 
 3
 This appeal arises out of a legal malpractice claim asserted on behalf of appellees Chong, Chang, and Kim against a Kansas attorney. The attorney was an insured of appellant under a professional liability insurance policy. The facts related to the malpractice claim are undisputed. The only issue involved in this appeal is the interpretation of a provision of the insurance policy limiting coverage to $100,000 for each wrongful act or series of related wrongful acts. We must interpret, as did the district court, the language of the policy to determine whether the malpractice acts involved in this claim were several separate wrongful acts or a series of related wrongful acts. The district court determined that the phrase "series of related wrongful acts" contained in the policy of insurance was ambiguous and therefore should be construed in favor of the insured. In our view, the district court was generous in describing the policies as ambiguous.
 
 
 4
 With respect to each of his clients, the attorney had separate obligations and committed several wrongful acts with respect to each of these separate obligations to his clients. Thus, although he gave the same advice to different clients, it is difficult to say that the advice with respect to each client was related to the advice given to the other two clients. Whether the policy is ambiguous or whether the acts with respect to each client are three discreet series of wrongful acts, the district court correctly held that appellees are entitled to the aggregate policy limit and that the coverage is not limited to the $100,000 limit that would be applicable to a series of related acts. The district court further correctly awarded prejudgment interest on the policy amounts. AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3